UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-23025-Civ-COOKE

LOUIDOR TOUSSAINT,

    Petitioner,

vs.

MARK J. MOORE, ICE FIELD DIRECTOR,
MIAMI FIELD OFFICE; SARAH SALDANA,
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT; and JEH JOHNSON,
SECRETARY HOMELAND SECURITY

    Respondents.
_____/

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    This action arises out of the United States Citizenship and Immigration Services' ("USCIS") denial of a Form I-485 Application to Register Permanent Residence or Adjust Status ("Application to Adjust Status"). Petitioner Louidor Toussaint ("Petitioner" or "Mr. Toussaint") is a citizen and native of Haiti. He arrived in the United States, near Miami, Florida, on January 28, 2002, and entered the United States without being inspected or admitted by an immigration officer. On December 1, 2004, United States Immigration and Customs Enforcement ("ICE") sent Mr. Toussaint a Notice to Appear, which charged him with being inadmissible to the United States because he was present in the United States without having been admitted or paroled. At his removal hearing, Mr. Toussaint admitted the allegations in the Notice to Appear and conceded that he was subject to removal. He sought relief from removal by requesting asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). After conducting a hearing, the Immigration Judge denied Mr. Toussaint's applications for asylum, withholding of removal, and CAT relief, and, on February 8, 2006, ordered Mr. Toussaint removed to Haiti. Mr. Toussaint appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"), and his appeal was dismissed on May 21, 2007. Mr. Toussaint later applied for and was granted temporary protected status, which was extended to Haitian citizens in 2010. He

1

traveled outside the United States and reentered as a parolee with temporary protected status.

On September 13, 2010, the Broward County Sheriff's Office received a complaint from a mother who claimed that Mr. Toussaint had been engaging in sexual relations with her then sixteen year old daughter, since she was fourteen years old. The mother stated that her daughter met Mr. Toussaint at a church function and entered into a romantic relationship with him upon his promise of marriage. On March 11, 2011, the Broward County Sheriff's Office arrested Mr. Toussaint for violating Fla. Stat. § 794.011-4, sexual battery on a victim over twelve years of age with special conditions. On April 8, 2011, Mr. Toussaint was charged by information, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, with lewd or lascivious battery in violation of Fla. Stat. § 800.04(4)(a). However, on September 4, 2013, Mr. Toussaint entered a plea of no contest to felony battery, a violation of Fla. Stat. § 784.03(2). He was sentenced to one year of community control and four years' probation.

Mr. Toussaint married Yasmide Lacroix ("Ms. Lacroix"), a United States Citizen, on August 13, 2013. She filed a Form I-130 Petition for Alien Relative on his behalf, which was approved. Subsequently, on October 31, 2013, Mr. Toussaint filed his Application to Adjust Status. A USCIS field officer interviewed him on March 20, 2014. On June 24, 2014, USCIS sent Mr. Toussaint a Request for Information, requiring that he seek a waiver of inadmissibility under INA § 212(h) based upon USCIS's belief that Mr. Toussaint was inadmissible under INA § 212(a)(2)(A)(ii) due to his conviction of a crime involving moral turpitude. Mr. Toussaint complied by filing a Form I-601 Application for Waiver of Grounds of Inadmissibility, which USCIS denied on April 15, 2015. That same day, USCIS denied Mr. Toussaint's Application to Adjust Status. In its written decision, USCIS supported its denial of Mr. Toussaint's Application to Adjust Status on the following grounds:

> USCIS records establish that you were arrested on March 11, 2011, and charged with 1 Count: SEX BATTERY VICT 12 YOA SPECIAL CONDITIONS; 794.011-4. On September 4, 2013, you plead nolo contendre to Felony Battery; 784.03(2)-2F, and you were sentenced to 4 years' probation.
>
> Therefore, you are inadmissible to the United States. You applied for a waiver of this inadmissibility, but USCIS denied

2

> your application because you failed to demonstrate that your USC spouse would suffer extreme hardship if you were found inadmissible to the United States.
>
> Therefore, you are not qualified to adjust status, and USCIS denies your Form I-485.  See INA 212(a)(2)(A) and INA 245(a)(2).
>
> USCIS also denies your form I-485 in an exercise of discretion. This decision is based upon the severity of your conviction, and the lack of evidence that your spouse would suffer any extreme hardship beyond the normal emotional and financial distress.

Mr. Toussaint appealed the denial of his Form I-601 Application for Waiver of Grounds of Inadmissibility to the Administrative Appeals Office ("AAO"), the administrative appeals body within USCIS.

On September 2, 2015, the AAO found that Mr. Toussaint's conviction for felony battery was not a crime involving moral turpitude.  Consequently, he was not inadmissible under INA § 212(a)(2)(A), and therefore did not need to obtain a waiver.  The AAO directed that the Field Office Director's decision denying Mr. Toussaint's Form I-601 Application for Waiver of Grounds of Inadmissibility be withdrawn and Mr. Toussaint's appeal dismissed.

## I. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The function of the trial court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).  "The moving party bears the initial burden to show the district court ... that there is no genuine issue of material fact that should be decided at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.*  Any inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

"The focal point for judicial review of an administrative agency's action should be

the administrative record." *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996).  "[E]ven in the context of summary judgment, an agency action is entitled to great deference." *Id.*  "The role of the court is not to conduct its own investigation and substitute its own judgment for the administrative agency's decision." *Id.*  Instead, the reviewing court must apply "the appropriate standard of review to the agency decision based on the record the agency presents to the reviewing court." *Id.* (internal quotations omitted).

## II. DISCUSSION

Mr. Toussaint seeks review of USCIS's discretionary denial of his Application to Adjust Status.  He invokes federal jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702 and 704; the Declaratory Judgment Act, 28 U.S.C. § 2201; and the federal question statute, 28 U.S.C. § 1331.

Section 245 of the Immigration and Nationality Act ("INA") governs adjustment of status applications.  INA § 245, 8 U.S.C. § 1255.  It specifies that the Attorney General has discretion to adjust an alien's status if the alien applies for adjustment, is eligible to receive an immigrant visa, and is admissible for permanent residence.  INA § 245(a), 8 U.S.C. § 1255(a).  However, Section 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), the INA's judicial review statute, eliminates review by any court of discretionary decisions or actions of the Attorney General or Secretary.  With regard to the review of denials of discretionary relief, the statute provides as follows:

> (2) Matters not subject to judicial review …
>   (B) Denials of discretionary relief
>   Notwithstanding any other provision of law … and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review---
>   (i)     any judgment regarding the granting of relief under section … 1255 of this title, or
>   (ii)    any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security
>   …

INA § 242(a)(2)(B)(i)-(ii), 8 U.S.C. § 1252(a)(2)(B)(i)-(ii).  In interpreting these statutory

4

provisions, the Eleventh Circuit has reasoned that "simply because the Secretary has the ultimate discretionary authority to grant an immigration benefit does not mean that every determination made by USCIS regarding an alien's application for that benefit is discretionary, and hence not subject to review." *Mejia Rodriguez v. U.S. Dep't Homeland Sec.*, 562 F.3d 1137, 1143 (11th Cir. 2009). The court in *Mejia Rodriguez* further reasoned that "the *statutory eligibility determinations* USCIS is obligated to make in deciding whether to grant or deny an application … are not 'decision[s] or action[s] … the authority for which is specified to be in the discretion of [USCIS].'" *Id.* at 1144 (emphasis added). As such, while "the ultimate decision of whether to grant or deny [an application] is a decision that is within the discretion of the Secretary," a determination of an immigrant's statutory eligibility for relief is "not one[] designated to be within the discretion of the Attorney General or Secretary and hence [is] not precluded from review by 8 U.S.C. § 1252(a)(2)(B)(ii)." *Id.* at 1144, 1146.

      Here, Respondents argue, in part, that this Court lacks subject matter jurisdiction to review USCIS's discretionary denial of Mr. Toussaint's Application to Adjust Status per 8 U.S.C. § 1252(a)(2)(B). In support of its argument, Respondents note that USCIS denied Mr. Toussaint's Application to Adjust Status on two separate grounds, one due to statutory ineligibility and the other in an exercise of discretion. Because the AAO has since determined that Mr. Toussaint's conviction was not a crime involving moral turpitude, thus rendering Mr. Toussaint statutorily eligible to adjust his status, USCIS's decision denying Mr. Toussaint relief now rests solely upon USCIS's exercise of its discretion, which this Court does not have subject matter jurisdiction to review. In response, Mr. Toussaint argues that this Court does have subject matter jurisdiction to review whether USCIS applied the wrong legal standard in its discretionary denial of his Application to Adjust Status. More specifically, Mr. Toussaint argues that USCIS's use of an "extreme hardship" standard in its discretionary denial of his Application to Adjust Status was legally incorrect; USCIS should have instead balanced the equities against the adverse factors to determine if his Application to Adjust Status merited a favorable exercise of discretion.

      While I am sympathetic to Mr. Toussaint's arguments, Respondents are correct in asserting that I do not have subject matter jurisdiction to review USCIS's discretionary denial of Mr. Toussaint's Application Adjust Status. In its April 15, 2015 decision, USCIS

relied upon two separate grounds in denying Mr. Toussaint's Application to Adjust Status. USCIS first determined that Mr. Toussaint was inadmissible to the United States as a result of his conviction for what it classified as a crime involving moral turpitude. As such, USCIS determined that Mr. Toussaint was not qualified to adjust status. USCIS "also denie[d] [Mr. Toussaint's] form I-485 in an exercise of discretion." USCIS explained that its decision was "based upon the severity of [Mr. Toussaint's] conviction, and the lack of evidence that [his] spouse would suffer any extreme hardship beyond the normal emotional and financial distress." While the AAO eventually determined that Mr. Toussaint's conviction of felony battery was not a crime involving moral turpitude, thus eliminating USCIS's first ground for denying Mr. Toussaint relief, that decision did nothing to change USCIS's separate discretionary ground for denying Mr. Toussaint the relief he sought. USCIS made clear that its denial of Mr. Toussaint's Application to Adjust Status rested upon an exercise of its discretion; although Mr. Toussaint may be statutorily eligible to adjust his status, USCIS may still exercise its discretion to deny him the relief he seeks. *See Usmani v. U.S. Attorney Gen.*, 483 F.3d 1147 (11th Cir. 2007) (holding that the Attorney General has discretion to deny a petition for adjustment of status even when the applicant is statutory eligible for adjustment). While I would have had jurisdiction to review USCIS's legally incorrect determination that Mr. Toussaint was statutorily ineligible to adjust status, that error has since been corrected, and I no longer have jurisdiction to review a purely discretionary denial made after statutory eligibility has been determined. *See Mejia Rodriguez*, 562 F.3d at 1143 (citing INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(ii)).

Mr. Toussaint essentially concedes the above and instead argues that I should review USCIS's decision pursuant to 8 U.S.C. § 1252(a)(2)(D), which provides:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law *raised upon a petition for review filed with an appropriate court of appeals* in accordance with this section.

8 U.S.C. § 1252(a)(2)(D) (emphasis added). He argues that I have jurisdiction to review USCIS's denial of his Application to Adjust Status because, as a matter of law, USCIS applied the wrong legal standard in determining his eligibility for adjustment of status as a matter of discretion. However, as the plain language of the statute indicates, challenges

6

brought pursuant to Section 1252(a)(2)(D) must be raised, in the first instance, in a court of appeals. *See Sillah v. Lara*, 275 F. App'x 822, 823 (11th Cir. 2008) ("[O]nly the courts of appeal retain jurisdiction to consider constitutional and legal challenges to decisions pertaining to the denial of discretionary relief."). As such, I do not have jurisdiction to consider a challenge to USCIS's discretionary denial of Mr. Toussaint's Application to Adjust Status pursuant to the plain wording of 8 U.S.C. § 1252(a)(2)(D).

### III. CONCLUSION

Having reviewed the arguments and the record, I find that I do not have subject matter jurisdiction to review USCIS's discretionary denial of Mr. Toussaint's Application to Adjust Status. Although I am sympathetic to Mr. Toussaint's situation, my hands are tied and I am bound by the applicable statutes and legal precedents cited herein. As I have determined that I do not have subject matter jurisdiction to review USCIS's denial of Mr. Toussaint's Application to Adjust Status, I will not address the other arguments raised by both parties in their briefing. Therefore, it is hereby **ORDERED and ADJUDGED** as follows:

(1) Defendants' Motion for Summary Judgment (ECF No. 10) is **GRANTED**.

(2) Mr. Toussaint's Petition for a Writ of Habeas Corpus, Request for Stay of Removal Pursuant to 28 U.S.C. 2241 (ECF No. 1) is **DISMISSED**.

(3) The stay and temporary injunction granted in my Order Temporarily Staying Removal (ECF No. 7) are both **LIFTED**.

(4) All pending motions, if any, are **DENIED** *as moot*.

(5) The Clerk shall **CLOSE** this case.

(6) A separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure shall issue concurrently.

**DONE and ORDERED** in chambers at Miami, Florida, this 15th day of July 2016.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*

7